**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ABSOLUTE MARINE TOWING &**
**SALVAGE, INC.,**

                    **Plaintiff,**

**-vs-**                                  **Case No. 6:09-cv-1712-Orl-31KRS**

**S/V INIKI, a 36' Jaguar Catamaran**
**Sailboat, its engines, tackle, equipment,**
**apparel, appurtenances, etc., and**
**FREDERICK ERICKSON, in personam,**

                      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE *IN REM* DEFENDANT VESSEL (Doc. No. 96)**
>
> **FILED:** **March 29, 2011**

Plaintiff Absolute Marine Towing & Salvage, Inc (Absolute Marine) filed its Second Amended Verified Complaint pursuant to the Federal Maritime Lien Act, 46 U.S.C. §§ 31301(4), (5) and 31341-43 *et seq.*, against the S/V Iniki, a 36' Jaguar Catamaran Sailboat, Frederick Erickson, the ship's owner, and Markel American Insurance Company (Markel).[1]  Doc. No. 37.  Absolute Marine

---

[1] The motion references a Third Amended Verified Complaint, Doc. No. 90, but there is no evidence that the Third Amended Verified Complaint was served on the S/V Iniki and Plaintiff

claimed breach of a maritime contract against Erickson, a maritime lien against the S/V Iniki and quantum meruit and unjust enrichment against Markel. *Id.* Absolute Marine settled its claims against Markel. Doc. Nos. 75, 76.

The underlying facts in the complaint reveal that the S/V Iniki had come free of its mooring and ran aground. Absolute Marine undertook salvage operations to save the ship, incurring substantial costs. Doc. No. 37. On November 17, 2009, the S/V Iniki was arrested and custody of the vessel was turned over to Scorpion Marine Sales and Service, Inc., an interested non-party. Doc. No. 68-1. This Court appointed Scorpion Marine Sales and Service as substitute custodian of the vessel. Doc. Nos. 14, 20. The S/V Iniki failed to respond to the complaint and a clerk's default was entered against the S/V Iniki on September 10, 2010. Doc. No. 70. Absolute Marine now seeks entry of a final default judgment against the S/V Iniki. Doc. No. 96.

Local Admiralty and Maritime Rule 7.03 provides for entry of default judgment under Federal Rule of Civil Procedure 55(b). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer,* 218 F.App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, the Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.* A default judgment has the

---

did not obtain a clerk's default on that complaint.

effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

Pursuant to the Federal Maritime Lien Act, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel and may bring a civil action in rem to enforce the lien. 46 U.S.C. § 31342(a)(1) and (2). Absolute Marine alleged in its complaint that it performed significant salvage and pollution control operations for the S/V Iniki, upon the authority of the ship's captain, Jeff Morgan. Doc. No. 37 ¶ 10. Morgan signed a salvage contract and noted that he signed "for Fred Erickson." Doc. No. 37-2 at 3. As the master of the ship, Morgan was presumed to have the authority to procure necessities for the ship pursuant to 46 U.S.C. § 31341(a)(2).

Absolute Marine submitted an affidavit from Kevin Miller, President of Absolute Marine, in support of the motion. Miller averred that Absolute Marine charged $24,395.00 for the salvage and pollution prevention and mitigation services it performed for the S/V Iniki. Doc. No. 96-1. Based upon the well-pleaded factual allegations contained in the complaint and evidence of damages establish in the Miller affidavit, I recommend that the Court find that Absolute Marine is entitled to a final default judgment against the S/V Iniki in the amount of $24,395.00.

Accordingly, I respectfully recommend that Plaintiff's Motion for Default Judgment against the *In Rem* Defendant Vessel, Doc. No. 96, be **GRANTED**. I further recommend that a final judgment be entered against the S/V Iniki in the amount of $24,395.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 13, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy