**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ABSOLUTE MARINE TOWING &
SALVAGE, INC.,**

              **Plaintiff,**

**-vs-**                                            **Case No. 6:09-cv-1712-Orl-31KRS**

**S/V INIKI, a 36' Jaguar Catamaran
Sailboat, its engines, tackle, equipment,
apparel, appurtenances, etc., and
FREDERICK ERICKSON, in personam,**

              **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION FOR TAXATION OF SUBSTITUTE CUSTODIAL FEES AGAINST DEFENDANT VESSEL IN REM (Doc. No. 104)**
>
> **FILED:** **May 10, 2011**

     The substitute custodian of the Defendant vessel S/V Iniki, Scorpion Marine Sales & Services, Inc. (Scorpion Marine), requests a judgment taxing costs against the S/V Iniki for its substitute custodial fees for holding the seized vessel. Scorpion Marine also requests a finding that the unpaid expenses *in custodia legis* constitute a judgment against the S/V Iniki of the highest priority which

may be bid by Scorpion Marine at any auction of the S/V Iniki.  Plaintiff Absolute Marine Towing & Salvage, Inc. does not oppose the motion.

## I.   PROCEDURAL HISTORY.

The Court appointed Scorpion Marine as substitute custodian of the S/V Iniki on October 28, 2009.  Doc. No. 14.  On December 4, 2009, the Court reappointed Scorpion Marine as the substitute custodian at a revised rate of $75.00 per day.  Doc. No. 20.  The S/V Iniki remains in the custody of Scorpion Marine.  Doc. No. 104-1 ¶ 1.  Scorpion Marine has incurred expenses of $42,055.50 for storing the S/V Iniki through April 30, 2011 and continues to incur expenses at a rate of $75.00 per day plus tax.  Doc. No. 104-1 ¶¶ 2-5.

## II.   APPLICABLE LAW AND ANALYSIS.

"[S]ervices or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court or of an officer of the court (here, the keeper) acting within his authority, should be allowed as a *custodia legis* expense."  *General Elec. Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 816 (5th Cir. 1982) (citations omitted).  Custodia legis expenses are entitled to priority payment.  *Id*. at 815; *see also Turner & Blanchard, Inc. v. S.S. Emilia*, 322 F.2d 249, 250 (2d Cir. 1963) (per curiam) (citing *New York Dock Co. v. The Poznan,* 274 U.S. 117, 121 (1927)) (district court had jurisdiction to require custodial expenses to be paid before general distribution of proceeds).  In *Poznan*, the United States Supreme court found that priority should be accorded to claims for post-arrest expenses where the expense was "for the common benefit and which, in equity and good conscience should be satisfied before the libelants may enjoy the fruits of their liens."  *Poznan*, 274 U.S. at 122.  The custodial actions undertaken by Scorpion Marine accrued

to the benefit of the S/V Iniki and was expressly authorized by the Court. Accordingly, Scorpion Marine's expenses should be allowed and afforded priority over other liens and claims.

### III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Scorpion Marine's Unopposed Motion for Taxation of Substitute Custodial Fees Against Defendant Vessel *In Rem*, Doc. No. 104, be **GRANTED**. I recommend that Scorpion Marine provide the Court with a current statement of its custodial expenses as of a date established by the Court, and that the Court direct the Clerk of Court to enter judgment in favor of Scorpion Marine in that amount.. In addition, I recommend that this judgment be accorded priority over other claims and that Scorpion Marine be allowed to bid this amount at any auction of the S/V Iniki

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 18, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy