**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ABSOLUTE MARINE TOWING & SALVAGE, INC.,**

        **Plaintiff,**

-vs-                                                                   **Case No. 6:09-cv-1712-Orl-31KRS**

**S/V INIKI, a 36' Jaguar Catamaran Sailboat, its engines,
tackle, equipment, apparel, appurtenances, etc., and
FREDERICK ERICKSON, in personam,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE IN PERSONAM DEFENDANT, FREDERICK ERICKSON (Doc. No. 107)**
>
> **FILED:** **May 12, 2011**

Plaintiff Absolute Marine Towing & Salvage, Inc (Absolute Marine) filed its Third Amended Verified Complaint pursuant to the Federal Maritime Lien Act, 46 U.S.C. §§ 31301(4), (5) and 31341-43 *et seq*., against Frederick Erickson, the owner of the vessel, S/V Iniki. Doc. No. 90. Absolute Marine claimed breach of maritime contract and a maritime lien against Erickson. *Id*.

The underlying facts in the complaint reveal that the S/V Iniki had come free of its mooring and ran aground. Absolute Marine undertook salvage operations to save the ship, incurring substantial costs. Doc. No. 90. On November 17, 2009, the S/V Iniki was arrested and custody of the vessel was turned over to Scorpion Marine Sales and Service, Inc., an interested non-party. Doc. No. 68-1. This Court appointed Scorpion Marine Sales and Service as substitute custodian of the vessel. Doc. Nos. 14, 20.

Erickson failed to respond to the complaint and a clerk's default was entered against Erickson on May 11, 2011. Doc. No. 106. Absolute Marine now seeks entry of a final default judgment against Erickson. Doc. No. 107.

Local Admiralty and Maritime Rule 7.03 provides for entry of default judgment under Federal Rule of Civil Procedure 55(b). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer,* 218 F.App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, the Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.* A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

Pursuant to the Federal Maritime Lien Act, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel and may bring a civil action in rem to enforce the lien. 46 U.S.C. § 31342(a)(1) and (2). Absolute Marine alleged in its complaint that it performed significant salvage and pollution control operations for the S/V Iniki, upon the authority of the ship's captain, Jeff Morgan. Doc. No. 37 ¶ 10. Morgan signed a salvage contract and noted that he signed "for Fred Erickson." Doc. No. 37-2 at 3. As the master of the ship, Morgan was presumed to have the authority to procure necessities for the ship pursuant to 46 U.S.C. § 31341(a)(2).

Absolute Marine attached an affidavit from Kevin Miller, President of Absolute Marine, which stated that Absolute Marine charged $24,395.00 for the salvage and pollution prevention and mitigation services it performed for the S/V Iniki and for Erickson. Doc. No. 107-1. Based upon the well-pleaded factual allegations contained in the complaint and the affidavit of Miller, I find that Absolute Marine is entitled to a final judgment against Frederick Erickson in the amount of $24,395.00. Because a final default judgment has been entered against the S/V Iniki in this amount, Doc. No. 101, Erickson and the S/V Iniki are jointly and severally responsible for payment of the damages.

Accordingly, I respectfully recommend that Plaintiff's Motion for Default Judgment against the *In Personam* Defendant Frederick Erickson, Doc. No. 107, be **GRANTED**. I further recommend that a final judgment be entered against Frederick Erickson in the amount of $24,395.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 6, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy